BLANCHARD, J.
This cause was heretofore before the court on the appeal of the plaintiff from the decision of the district judge refusing a preliminary injunction asked by it, and dismissing the case.
This court, while affirming the judgment refusing the preliminary injunction, did so for reasons which touched only a question of practice, and, on the rehearing, amended the judgment below so as to reserve the rights *195 of plaintiff on the issue raised in the pleadings, viz.: — did its franchises expire August 8th, 1898, or do they run until May 22, 1903?
See 52 La. Ann. 1831-1843, 28 South. 311.
Plaintiff’s cause of action and the defenses of the city are fully set forth in the opinion of the court on the former appeal. It is not deemed necessary to restate the same here, further than to say that following the action of this court on the former appeal the city filed an amended answer in which it represented that the franchise granted to the plaintiff on August 5, 1873, by Oity Ordinance No. 2264, had expired by limitation and is no longer in existence; that the question of the expiration of this franchise is at issue in the case; and that it is of great importance to the city there should be an affirmative decision upon it.
The prayer of this answer was for judgment in favor of the city, in reconvention, decreeing that the only franchise ever acquired by the plaintiff company is that derived from Ordinance 2264 aforesaid, and that the same has expired and is now without force or effect.
The trial judge sustained the contentions of the plaintiff, holding its franchise operative until May 22, 1903.
The city appeals.
In 1873 a corporation styled the Canal Street, Oity Park & Lake Railroad Company was organized, with the object expressed in its charter of constructing and operating a railroad from Canal street, in the city of New Orleans, to Lake Pontchartrain.
In August of that year, the city, by Ordinance No. 2264, granted to this company the privilege to build and operate a double-track railway from the corner of Canal and Basin streets, over the route therein mentioned, to the Spanish Fort on Lake Pontchartrain.
This privilege was to have a duration of 25 years from the date of the adoption of the ordinance.
Subsequently, several amendments to this ordinance were adopted, which it is immaterial to notice, since they have no bearing on the present controversy.
The company, to which the grant embodied in Ordinance 2264 and its amendments were made, never completed the road. It became bankrupt and its property and assets were administered in bankruptcy in the federal court, with the result that in July, 1877, all of its property, rights and franchises were sold at bankrupt sale and purchased by Thos. H. Handy.
Handy paid part of the purchase price in cash and for the remainder gave two notes, which were secured by mortgage on all the property sold.
In January following Handy, and certain parties associated with him,- organized a new company, bearing the same name as the one whose rights he had purchased.
The object of this new company, as declared in its charter, was the construction and operation of “a railroad from Canal street to Lake Pontchartrain, thence along the Lake shore as provided in an ordinance of the city of New Orleans No. 2264, administrative series, and the amendments which have been made thereto, or may hereafter be made, granting the right to construct and operate said road.”
From the recitals of this charter it appears that Handy and his co-subscribers thereto were, at the time of the formation of the new company, the owners of the property and franchises of the former City Park Company, which Handy had purchased at bankrupt sale and for which he had obtained a deed five days before.
It further appears that the company so organized was organized merely for the purpose of taking over that property, those franchises and such other franchise rights, amendatory thereof, as might be thereafter granted, and the new company expressly assumed payment of the two mortgage notes representing the unpaid portion of the purchase price for which the property, rights and franchises of the old company had been adjudicated to Handy at the bankrupt sale.
On May 22, 1878, some four months after the organization of the new company, the city of New Orleans, by Ordinance No. 4523, administrative series, made to it (the new company), for 25 years from that date, the identical grant that had been made to the first City Park Company by Ordinance 2264 and the ordinances amendatory thereof, to wit:— Nos. 2548, 2679 and 3146.
The only difference between the grant as set forth in Ordinance 2264 and those amendatory thereof, and that set forth in Ordinance No. 4523, besides that relating to the time *197 when the franchise was to expire, are the following:—
Article 8 of Ordinance 2264 recites that the grantee shall keep such portions of the streets and public places as may be occupied by .its tracks, turntables, etc., in good order and condition from curb to curb, while the same numbered article in Ordinance No. 4523 recites that the grantee shall keep the streets and public places occupied by its tracks, turntables, etc., in good order and condition from curb to curb.
Article 12 of Ordinance 2264 announces the repeal of two prior ordinances, to wit: — Nos. 1G83 and 1843, granting certain rights to construct a railroad to George F. Brott and associates, and requires the grantee of Ordinance 2264 to file an acceptance of its provisions within ten days, etc., while the same article in Ordinance 4523 omits this and in lieu thereof recites that the city reserves the right to use the railroad as a main track for other railroads, on making compensation therefor.
Handy made a formal transfer of the property and franchises of the old company, which he had acquired at the bankrupt sale, to the new company, and in this act of sale the assumption by the newly organized company of the mortgage notes outstanding against him, was again recited.
The new company, thus possessed of the property and franchises of the old company and confirmed in its franchise rights by Ordinance 4523 of the city council, constructed, completed and put in operation the railroad as contemplated by the city ordinance.
But it defaulted on the mortgage notes given by Handy for the credit portion of the purchase price of the property bought at bankrupt sale, which it had assumed, and the holders of the notes, taking out executory process {the act of mortgage containing the pact de non alienando), caused all the property, rights and franchises of the company to be sold and the same were bought by M. Schwartz & Bro. This was in January, 1879.
The sheriff's deed conveys specifically:—
First. The right of way and powers, privileges and immunities and franchises conferred and granted by the city to the Canal Street, City Park & Lake Railroad Company under Ordinance 2264 as amended by Ordinance 2548.
Second. The right of way, franchise and privileges conferred by the city through the following streets or avenues (naming them).
Following their purchase, the Schwartzes organized the New Orleans, Spanish Fort & Lake Railroad Company, plaintiff herein.
The charter declares the objects and purposes of this corporation to be to construct, maintain and operate a railroad from Canal street to Lake Pontchartrain, and along the lake shore, as provided in Ordinance No. 2264 “and the amendments which have been, made thereto, or may hereafter be made, granting the right to construct and operate said road.”
Following this, they sold the property and franchises, purchased by them, to the company. This was in April, 1879, and thereafter the company so organized by the Schwartzes operated the road.
The city contends that the only franchise acquired by the plaintiff was that granted under Ordinance 22G4 and the subsequent ordinances — Nos. 2548, 2679 and 3146 — avowedly passed as amendments thereof.
The plaintiff company contends that Ordinance 4523 was, practically, an amendment or re-enactment of Ordinance 2264, with an extension of the time limit of the franchises granted, and is in full force and vigor and determinative of the question here at issue.
It further contends that the New Orleans, Spanish Fort & Lake Railroad Company, following its organization and assumption of control of the road, has been recognized in various ways by the city as the owner of the rights and franchises granted by Ordinance 2264 to the first Canal Street, City Park & Lake Railroad Company, and also of those granted by Ordinance 4523 to the second Oanal Street, City Park & Lake Railroad Company, and that the city has, by legal proceedings taken in its name and on its behalf, judicially recognized that the company was operating its railroad under the provisions contained in Ordinance 4523.
If this has been done, and if as the result of legal proceedings taken the city has enforced against the company the obligations specifically alleged to have been incurred and undertaken by the company by its acceptance of Ordinance 4523, we would hold that the city cannot now be heard to say that while the ordinance is binding on the company in *199 respect to the obligations towards the city it places upon the company, it (the ordinance) is not binding on the city in so far as it grants an extension of the limit of the company’s franchise rights.
While the acts, doings and averments of municipal councils, and those of officers of municipalities, may, perhaps, not ordinarily operate as estoppel against such bodies, the doctrine cannot be carried to the extent of permitting a municipality, after judicially enforcing against a grantee of franchise rights the obligations such grantee had undertaken in consideration of the grant made, to single out and repudiate that part of the ordinance evidencing the grant which provides for an extension of the time limit of the franchise.
If the plaintiff company is bound by the conditions prescribed in Ordinance 4523 and if the city has judicially enforced its compliance therewith, it would follow that the company is entitled to the benefits of the ordinance, one of which is the extension of its franchise rights to May 22, 1903. The city cannot be heard to hold to the ordinance in part and repudiate it in part.
As showing that the city has judicially enforced against the company the obligations the company had undertaken in Ordinance 4523, plaintiff points to two suits instituted against the company, one iu the year 1894, the other in 1896.
We find nothing in the record referring to these suits except the petition and the order for the alternative writ of mandamus in each ease. Those were offered by plaintiff.
By the petition in the first suit we learn that the city took out mandamus proceedings against the company to compel it to repair certain streets under the averment that it (the company) had entered into a contract and did legally bind itself to the city of New Orleans by contract under Ordinance No. 4523, A. S., May, 1878, and Ordinance No. 2264, A. S., 1873, to keep the streets and public places occupied by the tracks, side tracks, turnouts, turntables and switches in good order and condition from curb to curb. The consideration of said contract being permission granted the said company to build certain tracks for the running of cars through certain streets in the city of New Orleans, and that the said contract was to be in full force and effect for twenty-five years from the time of completion, and that, therefore, the said contract, with the obligations thereunder imposed, expires in the year 1903.
The petition then goes on to represent that one of the streets over which the tracks oí the company pass and which the company obligated itself to keep in good condition from curb to curb was Bienville street from Basin street to the point where the tracks of the company leave Bienville street; that the company had failed to keep this street in good condition; that it was impassable and of no use to the general public for purposes of traffic; and that repeatedly the company had been notified to put the street in repair and in good condition and maintain it in such condition in accordance with its contract, but it (the company) had failed in its duty in this respect.
The prayer was for a writ of mandamus to compel the performance of its duties in the premises.
The mayor made oath to the truth of the averments of the petition.
By the petition in the second suit, filed in 1896, we learn that the city again took out mandamus proceedings against the company.
It is averred, inter alia, that on or about the- day of May, 1878, it had granted, among other rights, to the Canal Street, City Park & Lake Railroad Company the right to lay .a single or double track passenger and freight railroad through Bienville street from Canal to Bernadotte street; that by the terms of the grant the grantee was to keep such streets and public places as were occupied by its tracks in good order and condition from curb to curb; that the New Orleans, Spanish Fort & Lake Railroad Company had acquired by purchase from the Canal Street, City Park & Lake Railroad Company, and had thereby become the owner of, the rights, franchises and privileges granted to the last-named company, and had assumed all the obligations of such company to the city under the grant.-
The petition then goes on to charge the New Orleans, Spanish Fort & Lake Railroad Company with violation of the contract in many particulars specifically set forth, relating mainly to its failure to keep the streets, over which its tracks extended, in good repair and condition, and concluded with the prayer for a writ of mandamus to compel the company to meet the obligations of the contract *201 —alleging that it (the city) was entitled to such writ on the authority of Act No. 133 of 1888.
The reference in the petition in that case to’ the ordinance adopted “on or about the ---day of May, 1878,” means Ordinance No. 4523 which was the only ordinance of the city adopted in that month relating to a franchise grant to the Canal Street, City Park & Lake Railroad Company (the one organized by Handy and his associates) and which fixed the extension of the grant at 25 years from May 22, 1878.
What the other pleadings were which went to make up the issues in those cases we know not. Neither party offered the same in evidence.
Whether the defendant (plaintiff herein) in its answers in those suits repudiated Ordinance 4523 and denied the obligations arising thereunder sought to be enforced, or whether it held to the ordinance and acknowledged its obligations thereunder, we know not.
And what the judgment of the court, in those cases was — whether enforcing against the company the obligations arising under Ordinance 4523, or holding the company not bound by the same — we are not apprised.
The entire records of those suits should have been offered in evidence in the instant case. It is considered they are needed for the proper determination of the issues raised, and that the administration of law and justice will be subserved by remanding the ease for the purpose of their introduction.
It is, therefore, ordered and decreed that the judgment appealed from be set aside’ and the case remanded for further proceedings according to the views herein expressed and the law — costs of this appeal to be borne by plaintiff and appellee, those of the lower court to await the final determination of the cause.